IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES E. SAMPLE, SR.,

      Plaintiff,               No. 2:09-cv-0191 JFM (PC)

   vs.

SOLANO COUNTY SHERIFF'S OFFICE, et al.,

      Defendants.         ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the

1 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""  Erickson
2 v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
3 quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this
4 standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
5 and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416
6 U.S. 232, 236 (1974).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
omits to perform an act which he is legally required to do that causes the deprivation of which
complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the
actions of their employees under a theory of respondeat superior and, therefore, when a named
defendant holds a supervisorial position, the causal link between him and the claimed
constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
Cir. 1982).

/////

1    The court finds the allegations in plaintiff's complaint so vague and conclusory
2    that it is unable to determine whether the current action is frivolous or fails to state a claim for
3    relief.  The court has determined that the complaint does not contain a short and plain statement
4    as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading
5    policy, a complaint must give fair notice and state the elements of the claim plainly and
6    succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
7    must allege with at least some degree of particularity overt acts which defendants engaged in that
8    support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
9    R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
10   an amended complaint.

11   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
12   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
13   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
14   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
15   there is some affirmative link or connection between a defendant's actions and the claimed
16   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
17   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
18   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
19   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20   In addition, plaintiff is informed that the court cannot refer to a prior pleading in
21   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
22   amended complaint be complete in itself without reference to any prior pleading.  This is
23   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
24   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
25   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
26   /////

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: February 25, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; samp0191.14

1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10  CHARLES E. SAMPLE, SR.,
11          Plaintiff,                    No. 2:09-cv-0191 JFM (PC)
12      vs.
13
    SOLANO COUNTY SHERIFF'S
14  OFFICE, et al.,
15          Defendants.                   <u>NOTICE OF AMENDMENT</u>
16  _____/
17          Plaintiff hereby submits the following document in compliance with the court's
18  order filed _____:
19              _____    Amended Complaint
20  DATED:
21
22                                        _____
23                                        Plaintiff
24
25
26